**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON EUGENE BALES, | No. 14-16067 |
| Petitioner - Appellant, | D.C. No. 4:12-cv-00483-BPV |
| v. | |
| CLARENCE W. DUPNIK; ATTORNEY GENERAL OF THE STATE OF ARIZONA; CHARLES L. RYAN, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Bernardo P. Velasco, Magistrate Judge, Presiding

Submitted February 10, 2016[**]
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Brandon Eugene Bales appeals the denial of federal habeas relief after he

challenged his Arizona state conviction for driving under the influence. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court held that Bales's habeas appeal was barred by *Stone v. Powell*, 428

U.S. 465 (1976). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bales contends that his Fourth Amendment rights were violated when his

blood was drawn pursuant to Arizona's "implied consent" statute, Ariz. Rev. Stat.

Ann. § 28–1321 (2015). However, *Stone v. Powell* directs that "where the State

has provided an opportunity for full and fair litigation of a Fourth Amendment

claim, a state prisoner may not be granted federal habeas corpus relief on the

ground that evidence obtained in an unconstitutional search or seizure was

introduced at his trial." *Stone*, 428 U.S. at 494 (footnote call number omitted).[1]

Bales appears to argue that he did not receive a "full and fair" trial because the

state court misconstrued the facts and misapplied clearly established federal law.

But these arguments, like all of the arguments in Bales's opening brief, go to

whether his Fourth Amendment claim was wrongly decided, not whether the

hearing itself was fair. *See id.* at 482. In this case, Bales had a full evidentiary

hearing on his suppression motion, as well as an appeal to the superior court and an

opportunity for further appellate review. Thus, the district court properly ruled that

Bales had the opportunity for a full and fair hearing on his Fourth Amendment

---

[1] We recently confirmed that *Stone* survived enactment of the Antiterrorism & Effective Death Penalty Act (AEDPA). *Newman v. Wengler*, 790 F.3d 876, 879–81 (9th Cir. 2015).

claim.

Finally, in his reply Bales argues for a new exception to the *Stone* doctrine that would allow habeas review of Fourth Amendment issues that affect a large number of people or claims. He provides no persuasive reason to support this alleged exception, however, and we decline to create such a rule. *Stone* is clear: We cannot reconsider the merits of Bales's Fourth Amendment claim, so federal habeas relief is unavailable.

**AFFIRMED**.